HANG AND ASSOCIATES, PLLC
Xiaoxi LIU
136-20 38th Ave. Suite 10G
Flushing, NY 11355
Tel: (718) 353-8588
Fax: (718) 353-6288
*Attorneys for the Plaintiff and proposed FLSA Collective*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
-----------------------------------------------------------------X
Jing Wang, *on behalf of herself*
*and others similarly situated*               **Case No.**
                      Plaintiff,
              v.                         **COLLECTIVE ACTION**
Healthy & Beauty Way Group Inc          **COMPLAINT**
d/b/a Healthy & Beauty Way, and
Xiaoyi Hong,
                    Defendants,
-----------------------------------------------------------------X

Plaintiff Jing Wang (hereinafter "Plaintiff") on behalf of herself and all others similarly situated, by and through her attorneys Hang & Associates, PLLC, hereby file this complaint against the Defendants Healthy & Beauty Way Group Inc d/b/a Healthy & Beauty Way, and Xiaoyi Hong (collectively as "Defendants") and alleges as follows:

**INTRODUCTION**

1. This action is brought by Plaintiff, on behalf of herself as well as other employees similarly situated, against Defendants for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the New Jersey State Wage and Hour Law, NJSA§34:11-56 *etseq* ("NJWHL"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

1

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NJWHL by engaging in a pattern and practice of failing to pay its employees, including Plaintiff, overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiff alleges pursuant to the FLSA, that she is entitled to recover from the Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) prejudgment and post-judgment interest; and/or (4) attorneys' fees and costs.

4. Plaintiff further alleges pursuant to New Jersey State Wage and Hour Law ("NJWHL") that she is entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) liquidated damages equal to the sum of unpaid overtime, (3) prejudgment interest. (4) post-judgment interest, and (5) attorney's fees and costs.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New Jersey State Law claims pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

8. Plaintiff currently resides in Queens, New York.

9. From on or around March 8, 2013 to on or around November 2, 2018, Plaintiff was employed as a masseur by Defendants to work at their facial/massage spa located at 44 W Pleasant Ave., Maywood, NJ 07607.

## **DEFENDANTS**

*Corporate Defendant*

10. Defendant Healthy & Beauty Way Group Inc d/b/a Healthy & Beauty Way (hereafter "Corporate Defendant") is a domestic business corporation organized under the laws of the State of New Jersey with a principal place of business located at 44 W Pleasant Ave., Maywood, NJ 07607.

11. Upon information and belief, the Corporate Defendant is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

12. Upon information and belief, the Corporate Defendant purchased and handled goods moved in interstate commerce. For instance, Corporate Defendant had employees handled goods moved in interstate commerce, such as massage lotion/oil, etc.

*Owner/ Operator Defendant*

13. Owner/ Operator Defendants Xiaoyi Hong ("Defendant Hong") acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NJWHL §34:11-4.1 and the regulations thereunder.

14. Upon information and belief, Defendant Hong is in charge of the recruitment (hiring and firing) of Defendants' employees, manages the daily operation of Corporate Defendant, supervises the work of Defendants' employees, determines the rate of wages and compensation of Defendants' employees, including Plaintiff, controls employees' work schedules and work load, handles wage payments to employees, maintains employee records, and is viewed as the "Boss" by Defendants' employees, including Plaintiff.

15. Plaintiff has fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at their nail salon locations for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") (the "Collective Action Members"). Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than ten (10) Collective Action members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

17. Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

18. This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that

would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

19. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

20. Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiffs and other Collective Action Members are:

   a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

   b. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

   c. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

21. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

22. Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.


## STATEMENT OF FACTS

23. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff her lawfully overtime compensation of one and one half times (1.5x) her regular rate of pay for all hours worked over forty (40) in a given workweek.

24. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

25. From on or around March 8, 2013 to on or around November 2, 2018, Plaintiff was employed as a masseur by Defendants to work at their facial/massage spa located at 44 W Pleasant Ave., Maywood, NJ 07607 ("Business Premises").

26. Throughout her employment with Defendants, Plaintiff worked seven (7) days a week.

27. On each of her workday, Plaintiff would take the company vehicle provided by Defendants to the Business Premises; then after her workday concludes Plaintiff would take the company vehicle back to home.

28. On each of her workday, Plaintiff took the company vehicle at around 9:30 am and arrived at the Business Premises before 10 am, then worked without a break from 10:00 am to 9:30 pm (usually until 10pm), thereafter took the company vehicle back home. Plaintiff was not provided with any uninterrupted meal break of at least 30 minutes. Plaintiff therefore worked at least 11.5 hours per day or approximately 80.5 per week throughout her employment with Defendants.

29. Throughout her employment with Defendants, Plaintiff was not required to punch time cards or otherwise record her work hours.

30. Throughout her employment with Defendants, Plaintiff was paid on a pure commission basis. Plaintiff was generally paid at fifty-percent (50%) of the price charged to customers.

31. Throughout her employment with Defendants, Plaintiff was paid approximately $4,000 per month from her commission.

32. Throughout her employment with Defendants, Plaintiff was paid both by checks and cash, with the allocation of $700 in one monthly check and the rest amount in cash.

33. Upon information and knowledge, Defendant Hong failed to keep full and accurate records of Plaintiff's hours and wages.

34. Throughout her employment with Defendants, Plaintiff was not compensated at least at one-and-one-half of the minimum wage or her calculated regular hourly rate, for all hours she worked above forty (40) in each workweek.

**STATEMENT OF CLAIMS**

**COUNT I.**
**[Violations of the Fair Labor Standards Act—**
**Overtime Wage Brought on behalf of the Plaintiff and the FLSA Collective]**

35. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

36. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

37. The FLSA and supporting regulations provides that, commissions (whether based on a percentage of total sales or of sales in excess of a specified amount, or on some other formula) are payments for hours worked and must be included in the regular rate. This is true regardless of whether the commission is the sole source of the employee's compensation or is paid in addition to a guaranteed salary or hourly rate, or on some other basis, and regardless of the method, frequency, or regularity of computing, allocating and paying the commission." 29 C.F.R. § 778.117. The employee must then be paid extra compensation at one-half of that rate for each hour worked in excess of the applicable maximum hours standard. 29 C.F.R. § 778.118.

38. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

39. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

40. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

41. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs and FLSA Collectives' labor.

42. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs and Collective Action members.

## COUNT II.
### [Violation of New Jersey Labor Law— Overtime Pay Brought on behalf of Plaintiff]

43. Plaintiffs re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

44. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one half times the hourly rate the Plaintiff and the class are entitled to.

45. Defendants' failure to pay Plaintiff was not in good faith.

46. Due to Defendants' failing to pay Plaintiff, Plaintiff is entitled to recover from Defendants their full unpaid overtime pay, liquidated damages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§34:11-56a *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, and the FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance

      of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b)   Certification of this case as a collective action pursuant to FLSA;

c)   Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

d)   A declaratory judgment that the practices complained of herein are unlawful under FLSA and NJWHL;

e)   An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f)   An award of overtime wages due under FLSA and NJWHL;

g)   An award of liquidated damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

h)   An award of liquidated damages as a result of Defendants' willful failure to pay overtime compensation pursuant to the NJWHL;

i)   An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NJWHL;

j)   The cost and disbursements of this action;

k) An award of prejudgment and post-judgment fees; and

l) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York

November 16, 2018

                                        Respectfully Submitted,

                                        HANG & ASSOCIATES, PLLC
*Attorneys for Plaintiff and Proposed FLSA Collective*

                                        /s/ _Xiaoxi Liu_____
                                        Xiaoxi Liu, Esq.